NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 11-3697

_____

RICHARD SILVA, An Individual;
SNA, INC; SEAWIND, INC.

v.

CRAIG EASTER, An Individual;
SEASTAR, INC; PRECISION DESIGN, INC.;
PAUL ARRAY, An Individual;
HORIZON UNLIMITED, INC.

Richard Silva; SNA, Inc.; Seawind, Inc., Appellants

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-00-cv-04666)
District Judge: Honorable Petrese B. Tucker

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
July 9, 2012

Before: FUENTES, HARDIMAN, and ROTH, *Circuit Judges*

(Opinion Filed: July 19, 2012)

_____

OPINION OF THE COURT

_____

FUENTES, *Circuit Judge.*

Richard Silva appeals the District Court's decision ordering him to refund money under a settlement agreement. Silva's appeal is untimely, and we will dismiss it for lack of appellate jurisdiction.

**I.**

Because we write primarily for the parties, we set forth only the facts relevant to our conclusion. Richard Silva initiated this trademark action in 2000 against Paul Array and others who were manufacturing and marketing an experimental kit airplane with the same design as an airplane that Silva had produced. In 2004, the parties entered into a settlement agreement. It provided that Array would be permitted to use the prototype of this airplane for one year as an illustration of his work, conditioned on a $50,000 deposit that would be returned to him after he returned the prototype to Silva. Array did not return the prototype on time, and Silva filed a "Petition for Contempt" against him to enforce the settlement agreement. The District Court entered an order transferring title of the prototype to Silva's company, but Silva alleged that the prototype was in poor condition when he ultimately received it and that Array had failed to perform the required inspections. Consequently, Silva refused to return the deposit, and Array then moved to compel its return. Silva opposed this motion, arguing Array's breaches of the settlement agreement had caused him monetary damages, which should be set off against the deposit. After Silva failed to substantiate the monetary damages that he alleged with appropriate documentation, the District Court ordered him to return the deposit to Array. Silva appealed this order and an order denying reconsideration of it, but we determined the orders were interlocutory because they did not "purport to resolve and extinguish all

2

of plaintiffs' affirmative breach of contract claims pending before the District Court when they were entered." *Silva v. Easter*, 403 F. App'x 695, 698 (3d Cir. 2010). Thus, we held that we lacked jurisdiction over the prior appeal. *Id.* at 699.

After we dismissed his prior appeal, Silva filed a motion for "summary judgment" in the District Court. The Court denied the motion on July 13, 2011 (the "July Order") because it found that it was procedurally and substantively inappropriate, given that the parties had settled seven years prior and the motion was merely a claim for damages. In this order, the Court declared that reimbursement of the $50,000 was the "sole issue remaining before the Court necessitating disposition" and that it would "not entertain this issue any longer." Appendix ("App.") at 864. It ordered Silva to return the deposit within 15 days. On August 31, 2011, the Court issued an order closing the case for "statistical purposes" (the "August Order"). App. at 861. The order contained no other substance.

On September 29, 2011, Silva filed his notice of appeal from these orders. On appeal, he argues the District Court erred in failing to hold Array in contempt for breaching the settlement agreement, and in granting Array's motion for payment of the deposit.

## II.

For us to have jurisdiction over an appeal, and therefore reach the merits of a case, the appeal must be timely filed from a final order. 28 U.S.C. § 1291; *Bowles v. Russell*, 551 U.S. 205, 209 (2007) ("This Court has long held that the taking of an appeal within the prescribed time is mandatory and jurisdictional."). A party has thirty days after the

entry of the judgment or final order appealed from to file a notice of appeal. Fed. R. App. P. 4(a)(1). "[A] decision is ordinarily considered final and appealable under § 1291 only if it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 712 (1996) (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945)).

We lack jurisdiction to hear Silva's appeal because it was untimely filed. Silva's notice of appeal was filed more than thirty days from the July Order, but less than thirty days from the August Order. Silva argues that the July Order was not final, but that the August Order was, and that therefore his appeal is timely. His argument fails because only the July Order was a final, appealable order for the purposes of § 1291. In the July Order, the District Court stated that it was resolving the sole remaining issue of the case and that the Court would not entertain the issue in the future. Thus, the July Order was final because it ended the litigation on the merits, leaving nothing further for resolution. By contrast, the August Order closing the case for statistical purposes was not a final, appealable order. *See Penn W. Assocs., Inc. v. Cohen*, 371 F.3d 118, 127 (3d Cir. 2004). Such an administrative order has no effect other than to remove the case from the Court's active docket. *Id.*

Against this conclusion, Silva argues the July Order was a denial of summary judgment, which is not ordinarily a final order. *See Ortiz v. Jordan*, 131 S. Ct. 884, 891 (2011). This argument fails because, although masked as a motion for summary judgment, Silva's motion was merely a claim for damages. Thus, the rule that a denial of summary judgment ordinarily is not final does not apply since an appeal from the July

4

Order would not have been interlocutory and would not have had the effect of obstructing or impeding any ongoing judicial proceeding. *Cf. United States v. Nixon,* 418 U.S. 683, 690 (1974) (explaining that the finality requirement embodies a policy against obstructing or impeding ongoing judicial proceedings by piecemeal interlocutory appeals). Rather than simply denying summary judgment, the July Order ended all judicial proceedings.

### III.

Because Silva's appeal is untimely, we will dismiss it for lack of appellate jurisdiction.